IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2230-M

ANDREW ELLIS,        )
               )
   Petitioner,       )
               )
v.              )   ORDER
               )
COUNTY OF WAKE,      )
               )
   Respondents.      )

Petitioner, a state pretrial detainee proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. The matter is also before the court on petitioner's motions to proceed in forma pauperis (D.E. 2), to dismiss state charges (D.E. 9), and to amend the petition (D.E. 11), and petitioner's memorandums in support (D.E. 6, 8, 10), which the court construes as motions to amend.

A.  Motion to Amend (D.E. 11) and Memorandums in Support (D.E. 6, 8, 10)

The court first addresses petitioner's motion to amend and memorandums in support, which the court construes as motions to amend. The motions to amend are summarily granted. See Fed. R. Civ. P. 15(a)(1). Additionally, the court has reviewed and considered the allegations in the original complaint, particularized complaint, and motion to amend in conducting the initial review set out below.

B.  Initial Review

   1.  Background

Petitioner sets forth the following facts regarding the case. On June 19, 2018, petitioner, a pretrial detainee at the time, was assaulted by multiple correctional officers in Central Prison. (Pet. (D.E. 1) at 5). As a result of the assault, petitioner was placed in the hospital. (Id.). Moreover, law enforcement arrested petitioner's wife and falsely charge her with felony murder. She was unlawfully held for two years and threatened her with never seeing her children again if she did not confirm that petitioner murdered a man. (Id.). She was also instructed not to speak with petitioner, or she risked arrest again. (Id.).

In December 2019, petitioner had a jury trial on charges for possession of a firearm by a felon and felony murder in the state superior court of Wake County in North Carolina. (Id. at 1). The jury found petitioner guilty of possession of a firearm by a felon, but a mistrial was declared on the charge of felony murder. (Id.). The court set aside sentencing on the guilty verdict and granted a new trial on the felony murder charge. (Id.).

Although it is unclear which court decisions petition sought to appeal, petitioner submitted pro se filings to the court seeking appeals at the North Carolina Court of Appeals and North Carolina Supreme Court. (See Pet. (D.E. 1) at 2-3). Petitioner also submitted a pro se motion for appropriate relief. (Id. at 3, 6; First Mem. in Support (D.E. 6) at 1; Attach. First Mem. in Support (D.E. 6-1) at 2-3). However, petitioner's pro se filings were not allowed to go forward on the basis that petitioner was represented by counsel, and thus, he was not allowed to file motions on his own behalf or represent himself. (Pet. (D.E. 1) at 2-3; First Mem. in Support (D.E. 6) at 1; Attach. First Mem. in Support (D.E. 6-1) at 1).

2

Petitioner alleges the following constitutional violations surrounding his detention and criminal trial: 1.) his Fifth and Fourteenth Amendment rights were violated because his trial resulted in a mistrial, and a new trial on the same charges would constitute double jeopardy, (Id.; Attach. to Pet. (D.E. 1-1) at 1; Second Mem. in Support (D.E. 8) at 2; Third Mem. in Support (D.E. 10) at 2; Attach. to Third Mem. in Support (D.E. 10-1) at 3; Mot. to Am. (D.E. 11) at 1-3); 2.) his Eighth Amendment rights were violated because he was subjected to cruel and unusual punishment when correctional officers assaulted him in Central Prison, (Pet. (D.E. 1) at 5); 3.) the questioning of petitioner's wife violated his Fourth Amendment right against unreasonable searches and seizures (Attach. to Pet. (D.E. 1-1) at 2; Third Mem. in Support (D.E. 10) at 2-3; Mot. to Am. (D.E. 11) at 3); and 4.) his arrest for possession of a firearm by a felon violated his Second Amendment rights, (Third Mem. in Support (D.E. 10) at 3; Mot. to Am. (D.E. 11) at 3). Petitioner also appears to bring a claim on behalf of his wife, arguing that her Ninth Amendment rights were violated because her questioning and detention by law enforcement violated her marital right to privacy. (Second Mem. in Support (D.E. 8) at 1-2; Mot. to Am. (D.E. 11) at 1-2); see also Third Mem. in Support (D.E. 10) at 1). As relief, petitioner seeks dismissal of the charges in his state criminal case. (Attach. to Pet. (D.E. 1-1) at 2; Mot. to Am. (D.E. 11) at 4).

2. Discussion

Pursuant to 28 U.S.C. § 2254, prior to seeking federal habeas corpus relief, a petitioner must "exhaust[] the remedies available in the courts of the State" or demonstrate a valid excuse for the failure to exhaust. 28 U.S.C. § 2254(b)(1); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). "[S]tate

3

prisoners must give the state courts one fully opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. In order to satisfy § 2254's exhaustion requirement, a North Carolina prisoner must either appeal to the North Carolina Court of Appeals and petition the North Carolina Supreme Court for discretionary review or file a motion for appropriate relief and petition the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1422.

Petitioner acknowledges that he has not yet been sentenced on the state criminal conviction of possession of a firearm by a felon and is facing a new trial on the charge of felony murder. (See Pet. (D.E. 1) at 1). Furthermore, while petitioner has attempted to file an appeal and motion for appropriate relief, he acknowledges that the claims in the petition have not been fully presented to the state court in either a direct appeal or motion for appropriate relief. (See Pet. (D.E. 1) at 2-3; see also Attach. First Mem. in Support (D.E. 6-1) at 1). Accordingly, the petition is unexhausted. Petitioner has also not presented a valid excuse for the failure to exhaust.

Alternatively, to the extent petitioner is requesting the court to intervene in his North Carolina state criminal proceedings, such a request is precluded by the Younger doctrine. Younger v. Harris, 401 U.S. 37 (1971) (prohibiting federal courts from intervening in ongoing state criminal proceedings absent extraordinary circumstances). Specifically, "a federal court [must] abstain from exercising jurisdiction and interfering in a state criminal proceeding[] if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). However, a federal court may intervene where "(1) there is a showing of bad

4

faith or harassment by state officials responsible for prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." Id. (omitting internal quotation marks and citation). "'[T]he cost, anxiety, and inconvenience of having to defend against a criminal prosecution alone [does] not constitute irreparable injury.'" Id. (quoting Younger, 401 U.S. at 46) (second alteration in original).

Here, petition is challenging an ongoing North Carolina state criminal proceeding. Further, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws," Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003), and petitioner's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights," Gillam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996). Lastly, petitioner has not alleged sufficient extraordinary circumstances to invoke any exception to Younger. Therefore, the court refrains from considering petitioner's claims.

Finally, to the extent petitioner is attempting to challenge his conditions of confinement, such claims are not cognizable in habeas proceedings. Wilborn v. Mansukhani, 795 F. App'x 157, 163–64 (4th Cir. 2019); see also Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983) ("Although there may ultimately be an area of limited substantive overlap between . . . habeas corpus and § 1983, the main thrusts of the two are obviously quite different. The former is primarily a vehicle for attack by a confined person on the legality of his custody and the traditional remedial scope of the writ has been to secure absolute release – either immediate or conditional – from that custody. Conversely, § 1983 cannot be used to seek release from illegal physical confinement[.]"). Generally, claims challenging conditions of confinement must be

brought in a civil rights action pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Rodriguez v. Ratledge, 715 F. App'x 261, 265–66 (4th Cir. 2017).

3. Certificate of Appealability

Petitioner is not entitled to a certificate of appealability. A certificate of appealability only issues on a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not demonstrated that reasonable jurists could debate whether the issues presented should be decided differently or that they are adequately deserving of encouragement to proceed further. See Buck v. Davis, 137 S. Ct. 759, 777 (2017); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). The court has reviewed the claims presented in light of the applicable standard, and it denies a certificate of appealability.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend (D.E. 11), and memorandums in support (D.E. 6, 8, 10), which the court construes as motions to amend, are GRANTED. The court DISMISSES WITHOUT PREJUDICE the petition and DENIES a certificate of appealability. Petitioner's motions to proceed in forma pauperis and for release are DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of November, 2021.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

Case 5:20-hc-02230-M    Document 13    Filed 11/12/21    Page 6 of 6